[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15165
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21083-RSR


MARLENY CASAS,

Plaintiff-Appellant,

versus

USCIS DISTRICT DIRECTOR MIAMI,
SECRETARY, US DEPARTMENT OF HOMELAND SECURITY,
US ATTORNEY GENERAL,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 1, 2013)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Marleny Casas, a native and citizen of Cuba, appeals the summary judgment in favor of the District Director of the U.S. Citizenship and Immigration Services, the Secretary of the Department of Homeland Security, and the Attorney General of the United States.  After the entry of a final order of removal against her, Casas complained that the denial of her second application for an adjustment of status under the Cuban Adjustment Act, Pub. L. 89-732, 80 Stat. 1161 (1966), violated the Administrative Procedures Act, 5 U.S.C. § 706, and she sought relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Act, id. § 1361. Casas argues that a genuine factual dispute exists about whether she presented a fraudulent passport to an immigration inspector and that dispute barred summary judgment in favor of the defendants.  We affirm.

The district court did not err.  Casas misunderstands the standard of review of an agency action.  Under the Administrative Procedures Act, the "task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record [provided by] the agency."  Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743–44, 105 S. Ct. 1598, 1607 (1985).  The administrative record establishes, as the district court concluded, that the agency based its decision to deny Casas's application for adjustment of status on substantial evidence that she submitted a fraudulent passport to immigration officials.  The question before the district court was whether that decision of the

2

agency was arbitrary, capricious, or an abuse of discretion.  Casas cannot relitigate

<u>de novo</u> the underlying factual dispute that the agency resolved.

We **AFFIRM** the summary judgment in favor of the defendants.